**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRAILHEAD CAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11 C 7028 |
| vs. | ) | |
| | ) | Jeffrey T. Gilbert |
| DHL EXPRESS (USA), INC., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Trailhead Capital, LLC ("Trailhead") sued Defendant DHL Express (USA), Inc. ("DHL") for breach of a contract Trailhead entered into with DHL in May 2009 pursuant to which Trailhead purchased charged-off accounts receivable from DHL. Charged-off accounts are receivables that DHL had written-off as uncollectable. Trailhead bought the delinquent accounts for pennies on the dollar and intended to collect what it could on them. Trailhead's upside was the difference between what it paid for the accounts and what it could collect from the account debtors less its costs of collection.

The contract between Trailhead and DHL acknowledged that it was likely that DHL's customers, the debtors on the charge-off accounts receivable, would send payments to DHL after the accounts were sold to Trailhead. The contract, therefore, provides that DHL would remit to Trailhead any money it received on the accounts sold to Trailhead on a monthly basis. Trailhead alleges that DHL received over $1 million from its customers on the accounts it sold to Trailhead but failed to track the payments it received, failed to give Trailhead a list of those payments, and failed to remit to Trailhead

the money it collected.  Trailhead also alleges that DHL lost or destroyed evidence of these payments when it migrated data from its old computer system to a new computer system.  Trailhead alleges this will make it difficult or impossible for it to establish how much money it is owed by DHL.

The contract contains a choice of law provision.  It says "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to any conflict of law principles."

On November 14, 2011, Trailhead filed an Amended Complaint [Dkt.#13] adding two additional counts to its original claim for breach of contract.  The Amended Complaint contains a claim for conversion (Count II) and for spoliation of evidence (Count III).  DHL moved to dismiss the additional counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that they fail to state claims upon which relief can be granted under Florida law [Dkt.#21].  DHL asks that the claims be dismissed with prejudice because nothing can be done to rehabilitate them so that they would pass muster in this case.

Trailhead responded to DHL's motion to dismiss saying that the contractual choice of law clause does not control the law applicable to Trailhead's new claims sounding in tort rather than contract.  Trailhead contends that Illinois law applies to those claims, and that the claims are valid under Illinois law.  In reply, DHL explained that Illinois courts apply a contractual choice of law provision to both contract and tort claims when the tort claims are dependent on the contract claims, as it contends Trailhead's claims are in this case, and that, in any event, neither Illinois nor Florida law permit the

2

claims sounding in tort that Trailhead has appended to its breach of contract claim in Counts II and III of its Amended Complaint as a matter of law.

A complaint should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it fails to state a claim for relief that is plausible on its face as a matter of fact or law. *Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010).*

A federal court sitting in Illinois in a case falling under the court's diversity jurisdiction applies Illinois choice of law principles. *Jupiter Aluminum Corp. v. Home Insurance Co., 225 F.3d 868, 873 (7th Cir. 2000).* Illinois employs the 'most significant relationship test' to determine what law applies to tort claims. *Safeco Ins. Co. v. Jelen, 381 Ill. App. 3d 576, 579 (3d Dist. 2008).* Contrary to Trailhead's argument, however, federal courts sitting in Illinois do not apply the most significant relationship test in place of the parties' contractual choice of law when the claims at issue are dependent upon the parties' contract. *See Heiman v. Bank of America, N.A., 2011 U.S. Dist. Lexis 135025 (N.D. Ill. Nov. 21, 2011* (Gettleman, J.), and the other Illinois cases cited at pages 3-4 of DHL's Reply Brief [Dkt.#31]. The Court agrees with DHL that Florida law applies to Trailhead's claims for conversion (Count II) and spoliation of evidence (Count III) because those claims are heavily dependent upon the contract between Trailhead and DHL that contains a Florida choice of law clause.

It is true, as Trailhead argues, that the contractual choice of law clause in this case is narrow. It says "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to any conflict of law principles." A broader choice of law clause might, for example, say 'all disputes arising under or

3

relating to the Agreement' shall be resolved with reference to Florida law. In determining the breadth of a contractual choice of law provision under Illinois law, however, courts employ a two-part analysis. *Medline Indus. Inc. v. Maersk Med. Ltd., 2002 WL 31557181\*3-4 (N.D. Ill. Nov. 14, 2002).* First, courts look to the language of the choice of law provision to determine if the parties intended it to govern all claims between them. The parties' intent, however, is not determinative when tort claims are dependent upon the contract. In those situations, courts apply the contractual choice of law to the dependent tort claims as well as to the direct contract claims. *Id. (citations omitted).*

To decide whether a tort claim is dependent on a contract, courts look to "whether: (1) the claim alleges a wrong based on the construction and interpretation of the contract; (2) the tort claim is closely related to the parties' contractual relationship; or (3) the tort claim could not exist without the contract." *Heiman,* 2011 U.S. Dist. Lexis 135025\*5 (citations omitted.) In this case, Trailhead's tort claims in Counts II and III of its Amended Complaint are completely dependent upon the contract. In fact, those claims essentially arise from the contract in the sense that the duties Trailhead alleges DHL breached are duties that are set forth in the contract itself.

Trailhead's conversion claim alleges that DHL failed to remit funds to Trailhead that DHL had a duty to remit to Trailhead under the contract. (*See* Amended Complaint [Dkt.#13], ¶¶ 29-31.) In addition, Trailhead's spoliation claim arises from DHL's alleged destruction or loss of evidence of payments that DHL allegedly received and was contractually bound to track and remit to Trailhead. DHL had a contractual duty "to

4

transmit to Trailhead a monthly list of all direct payments it received on the Charged-Off Accounts." Trailhead's Response [Dkt.#30] at 12. *See also* Sections 3(k) and 12 of the Contract ("[a]ll payments received on Charged-off Accounts by Seller on or after the File Freeze Date shall be remitted to Purchaser within thirty (30) days of receipt by Seller."), attached as Exhibit A to DHL's Opening Brief [Dkt.#22-1 at pp. 6 and 11]. Indeed, Trailhead concedes that "the duty to preserve evidence arises, in part, from the Agreement between Trailhead and DHL." (Trailhead Response [Dkt.#30] at 12.)

Under these circumstances, Counts II and III of the Complaint, fairly read, allege wrongs based on the construction and interpretation of the contract and are so closely related to the parties' contractual relationship that those claims truly would not exist but for the contract. Accordingly, the Court must analyze those claims under Florida law per the choice of law clause in the parties' contract. *Heiman*, 2011 U.S. Dist. LEXIS 135025 *5.

Under Florida law, Counts II and III of the Amended Complaint fail to state a claim for relief that is independent of Trailhead's breach of contract claim in Count I of its Amended Complaint. A contractual obligation to pay money generally may not be enforced in a conversion (or theft) action in Florida independent of an action on the contract that gives rise to the obligation to pay. *Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc.*, 777 F.2d 1504, 1507 (11th Cir. 1985) (applying Florida law). In that case, the court rejected a claim for theft because the plaintiff's claim for money "arose from its contract with [the defendant]." *Id.* Although we may not be able to say with absolute certainty that there is no situation in which a Florida court would

5

entertain an action for theft or conversion independent of an action for breach of contract between a plaintiff and a defendant, we are confident that a claim for conversion between Trailhead and DHL does not lie under Florida law based upon the facts of this case given the strong similarities between this case and *Advanced Surgical Technologies*.

Further, Florida employs an economic loss rule in tort cases that bars the recovery of economic damages in a tort action. *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., 532 F. Supp. 2d 1350, 1362 (M.D. Fla. 2007)*(Florida citations omitted). That rule applies to Trailhead's tort claims in this case. In addition, the Florida Supreme Court has held that a first-party claim for spoliation of evidence is not a separately cognizable claim in Florida. *Martino v. Wal-Mart Stores, Inc., 908 So. 2d 342, 347 (Fla. 2005)*. Therefore, Counts II and III of the Amended Complaint fail to state claims upon which relief can be granted under Florida law.[1]

---

[1] To be clear, Trailhead does not argue that Counts II and III state cognizable claims under Florida law. Its argument is that the claims are proper under Illinois law. The Court, however, has reviewed the Illinois case law cited by Trailhead, including the cases Trailhead delivered to the Court's chambers after DHL filed its reply brief, and, based on that review, the Court is of the view that the result here would not change even if the court applied Illinois law. Trailhead cites no case in which an Illinois court has upheld a first-party spoliation of evidence claim asserted, as here, by one party to a contract against the other where the alleged duty to preserve documents or information arises from the contract that allegedly was breached. Similarly, despite Trailhead's attempt to characterize Illinois as somewhat more liberal than Florida with respect to a conversion claim asserted between contracting parties, the Court does not see such a claim here between Trailhead and DHL based on the facts alleged in the Amended Complaint. *See e.g., McCammon-Chase, M.D. v. Circle Family Care, Inc.*, 2010 U.S. Lexis 74435 (N.D. Ill. 7/23/10) *(*Brow, M.J.). As the court noted in that case, a conversion claim that arguably might be distinguished from a contract claim (in a way, incidentally, that is not that much different in Illinois than Florida) must be for "a determinate amount, not merely a right to an indeterminate sum." *Id.*, 2010 U.S. Lexis 74435*14. In this case, one of Trailhead's arguments is that it cannot determine how much DHL owes it because DHL did not account for the customer payments it allegedly received and did not retain evidence of those payments. Therefore, Trailhead's conversion claim does not identify a segregated fund or a determinate amount it is

In a final effort to save Counts II and III of the Amended Complaint from dismissal, Trailhead argues that it would be contrary to fundamental policy of the State of Illinois not to allow Trailhead to proceed with its conversion and spoliation of evidence claims in addition to its original breach of contract claim. Trailhead argues that Illinois permits conversion and spoliation of evidence claims under certain circumstances, which it argues are at play here, although they are not permitted under Florida law. Whether or not that is true, Trailhead does not identify a *fundamental policy* of the State of Illinois that would be infringed if it is left with its breach of contract claim for money damages as a result of DHL's alleged failure to track payments it received on the delinquent accounts it sold to Trailhead and remit those payments to Trailhead on a monthly basis.

The fact that state laws differ in some respect is insufficient to trigger a violation of the fundamental policy of the forum state. *Mackowiak v. Harris Graphics Corp., 1989 U.S. Dist. Lexis 12100*8 (N.D. Ill. Oct. 3, 1989)*(Kocoras, J). "The mere fact that state laws may differ does not necessarily constitute a sufficient basis for the assertion that the rule of a foreign state is contrary to the public policy of the forum." *Champagnie v. W.E. O'Neil Construction Co., 77 Ill. App. 3d 136, 139, 395 N.E.2d 990, 992 (1st Dist. 1979)*. Under the public policy doctrine, a court "should not refuse to apply the law of a foreign State, however unlike its own, unless it is contrary to pure morals or abstract justice, or unless the enforcement would be of evil example and harmful to its own people." *Potomac Leasing Co. v. Chuck's Pub., Inc., 509 N.E.2d 751, 754 (2d Dist. 1987)*. In the

---

owed. Discovery presumably will be required to flesh out the damages on Trailhead's contract claim as well as its purported conversion claim.

instant case, no fundamental policy of the State of Illinois would be grievously offended if Trailhead is left with its breach of contract claim against DHL without the related and dependent tort trimmings.[2]

Accordingly, Counts II and III of Trailhead's Amended Complaint are dismissed with prejudice. The dismissal is with prejudice because there are no circumstances under which the claims asserted in Counts II and III of the Amended Complaint can be sustained as a matter of law for the reasons discussed herein.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 29, 2012

---

[2] *See also* footnote 1 *supra*.